Azimova v. Bondi

BIA
Palmer, IJ
A215 914 338/339

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of July, two thousand twenty-five.

PRESENT:
> DENNIS JACOBS,
> STEVEN J. MENASHI,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

NASIBA AZIMOVA, MOKHINA AZIMOVA,
> *Petitioners,*

v.                                                                  **23-6249**
                                                                    **NAC**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:              Yuri Hovhannisyan, Esq., Elmhurst, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division; Jeffrey R. Leist, Senior Litigation Counsel; Christopher Ian Pryby, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Nasiba Azimova ("Azimova") and her daughter Mokhina Azimova, natives and citizens of Uzbekistan, seek review of a February 17, 2023, decision of the BIA affirming an August 27, 2019, decision of an Immigration Judge ("IJ") denying Azimova's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Nasiba Azimova, Mokhina Azimova,* Nos. A215 914 338/339 (B.I.A. Feb. 17, 2023), *aff'g* Nos. A215 914 338/339 (Immigr. Ct. N.Y.C. Aug. 27, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Azimova's sole challenge to the agency's denial of relief is that the agency erred in finding that the proposed social group was not cognizable. *See Singh v. Bondi*, 139 F.4th 189, 197 (2d Cir. 2025) ("The Secretary of Homeland Security or the Attorney General 'may grant asylum to an alien who has applied for asylum

2

. . . if the Secretary of Homeland Security or the Attorney General determines that such alien is a refugee,' meaning that 'race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant' in his or her country of nationality." (quoting 8 U.S.C. § 1158(b)(1))). However, the BIA did not affirm the IJ's finding that the group was not cognizable; rather, the agency assumed that the proposed social group was cognizable and denied relief on other grounds. Therefore, the IJ's finding is not before us. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005) (reviewing the IJ's decision "minus the . . . argument for denying relief that was rejected by the BIA"); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005) ("[W]e may not rest our holding on the IJ's credibility findings, because the BIA did not affirm and adopt those findings."). Azimova waives review of the agency's dispositive findings that: (1) she failed to establish that the harm she suffered was on account of her membership in a proposed social group, religion, ethnicity, or political opinion, and (2) she did not meet her burden of demonstrating a well-founded fear of future persecution on account of a protected ground. She additionally abandons any challenge to the BIA's finding that she waived her CAT claim. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023)

3

("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

Azimova also argues that the IJ violated due process by declining to permit a witness from testifying. But this claim is not properly before us because she failed to exhaust it before the BIA. *See Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4